# FOR PUBLICATION



**FILED**
Sep 30 2013, 5:28 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY S. JACOB**
JACOB HAMMERLE & JOHNSON
Zionsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J. T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL J. LIVERS, II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 06A01-1303-CR-119 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BOONE SUPERIOR COURT
The Honorable Rebecca S. McClure, Judge
Cause No. 06D02-1207-CM-494

**September 30, 2013**

**OPINION – FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Paul Livers II (Livers), appeals his convictions for battery causing bodily injury, a Class A misdemeanor, Ind. Code § 35-42-2-1(a)(1)(A); and interference with reporting a crime, a Class A misdemeanor, I.C. § 35-45-2-5(1).

We affirm.

## ISSUES

Livers raises two issues on appeal, which we restate as the following:

(1) Whether Livers was denied effective assistance of counsel based upon trial counsel's untimely filing of a demand for jury trial; and

(2) Whether the evidence was sufficient to support his conviction.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2012, Lisa Maroon (Maroon) returned from a business trip to her home in Lebanon, Indiana, where she lived with Livers and another man. Livers was not home when Maroon arrived but appeared later. Livers was intoxicated and the two began arguing. The dispute escalated, and Maroon went to the garage to get into her car to leave. Maroon sat on the driver's side of the car with the door ajar. Livers, who had followed her to the garage, hit Maroon in the jaw.

Maroon told Livers that she was going to call the police. Livers took Maroon's cell phone and keys, which were lying on the passenger seat of the car. Thereafter,

Livers left the house but left Maroon's cell phone on a table near the door to the home. Maroon retrieved her cell phone and called the police.

Officer Daniel Vernon (Officer Vernon) of the Lebanon Police Department responded and arrived at Maroon's residence to take a statement. Officer Vernon saw that Maroon's clothes were ripped and that she had scratches on her body and a red mark on her face. Officer Vernon took photographs of Maroon, including her face and arm.

On July 24, 2012, the State filed an Information charging Livers with Count I, domestic battery, a Class A misdemeanor, Ind. Code § 35-42-2-1.3; and Count II, interference with reporting a crime, a Class A misdemeanor, I.C. § 35-45-2-5(1). On August 14, 2012, an initial hearing was held and a bench trial was set for October 17, 2012. The trial court also appointed counsel for Livers, who initialed an advice of rights form. Paragraph No. 1 of the advice of rights form provided:

> 1. You have a right to a public and speedy trial of your case, and that could be a trial by court of [sic] by jury. FOR A MISDEMEANOR CHARGE, YOU MUST REQUEST A JURY TRIAL IN WRITING AT LEAST TEN (10) DAYS BEFORE THE FIRST SCHDULED [sic] TRIAL DATE, OR YOU WILL LOSE THE RIGHT TO TRIAL BY JURY. If you are charged with a felony offense your case will automatically be set for a jury trial.

(Appellant's App. p. 62).

On October 17, 2012, Livers requested a continuance and the bench trial was rescheduled to December 19, 2012. On October 26, 2012, Livers filed a request for jury trial pursuant to Indiana Criminal Rule 22, which the trial court denied as untimely filed.

3

On November 14, 2012, Livers filed a praecipe for a contested bench trial, which the trial court granted on November 15, 2012.

On January 16, 2013, a bench trial was held. Prior to the start of the bench trial, Livers renewed his request for a jury trial, which the trial court again denied. On January 22, 2013, the trial court issued its Order, acquitting Livers of domestic battery, but finding him guilty of battery causing bodily injury and interference with reporting a crime. On February 14, 2013, the trial court sentenced Livers to two years of incarceration with 722 days suspended to probation.

Livers now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Ineffective Assistance of Counsel*

Livers argues on appeal that he was denied the effective assistance of trial counsel based upon his counsel's failure to timely file a demand for jury trial. Ineffective assistance of counsel claims are subject to the two-part test established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Our supreme court has summarized the relevant requirements of this two-part test:

> First, a defendant must show that counsel's performance was deficient. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that counsel made errors so serious that counsel was not functioning as counsel guaranteed to the defendant by the Sixth Amendment. Second, a defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, meaning a trial where the result is reliable. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

4

been different. A reasonable probability is one that is sufficient to undermine confidence in the outcome. Further, counsel's performance is presumed effective, and a defendant must offer strong and convincing evidence to overcome this presumption.

*Kubsch v. State*, 934 N.E.2d 1138, 1147 (Ind. 2010).

Livers asserts that his trial counsel's untimely filing of a jury trial demand constituted deficient performance that resulted in prejudice. Indiana Rule of Criminal Procedure 22 provides that for misdemeanor offenses, defendants must make a written request for a jury trial "not later than ten (10) days prior to the first trial date set for the case." Failure to timely demand a jury trial constitutes a waiver "unless a defendant is without fifteen (15) days' advance notice of the scheduled trial date and did not receive an explanation of the consequences of his failure to demand a trial by jury." Crim. R. 22.

Here, Livers' first scheduled trial date was October 17, 2012. He received notice of the trial date on August 15, 2012 and was advised of the consequences of not demanding a jury trial. Pursuant to Crim. R. 22, Livers had up to ten days before the trial date to make his demand for a jury trial. Instead, on October 26, 2012, his trial counsel filed a motion for jury trial, which was denied by the trial court as untimely.

Livers contends that the foregoing facts give rise to an inference that his trial counsel inadvertently missed the deadline to request a jury trial. However, the record does not provide any indication from Livers that he wanted a jury trial prior to his trial counsel's belated request. Nor did trial counsel provide a reason for the untimeliness either in her October 26, 2012 motion or at the bench trial.

5

Livers elected to raise his claim on direct appeal, rather than in post-conviction proceedings, relying solely upon the trial record. A defendant who asserts an ineffective assistance of counsel claim on direct appeal runs the risk that that the issue will be foreclosed from collateral review. *Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998), *cert. denied*, 528 U.S. 1259 (1999). The presentation of ineffective assistance of counsel claims often requires the development of new facts not present in the trial record. *See McIntire v. State*, 717 N.E.2d 96, 101 (Ind. 1999). As explained by the United States Supreme Court, "[i]f the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it." *Massaro v. U.S.*, 538 U.S. 500, 505 (2003). Similarly, "[t]he trial record may contain no evidence of alleged errors of omission, much less the reasons underlying them." *Id*. As pointed out by the Seventh Circuit:

> When the only record on which a claim of ineffective assistance is based is the trial record, every indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight. It is no surprise that such claims almost always fail.

*United States v. Taglia*, 922 F.2d 413, 417-18 (7th Cir. 1991), *cert. denied*, 500 U.S. 927 (1991).

We conclude that the record is insufficient to evaluate Livers' ineffective assistance of counsel claim on direct appeal. This court has no testimony from trial counsel which might explain her conduct. Nor is there any indication in the record that Livers wanted a jury trial prior to his counsel's belated request. *Cf. Lewis v. State*, 929

6

N.E.2d 261, 265 (Ind. Ct. App. 2010). Absent such a record, Livers has failed to demonstrate his trial counsel's ineffectiveness and the presumption that counsel performed competently prohibits this court from finding his trial counsel's performance deficient.

## II. *Incredible Dubiosity*

Livers next argues that the evidence was insufficient to sustain his conviction because Maroon's testimony was incredibly dubious. Under the "incredible dubiosity rule," this court may impinge upon the jury's responsibility to judge the credibility of witnesses when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony. *Manuel v. State*, 971 N.E.2d 1262, 1271 (Ind. Ct. App. 2012). If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed. *Id.* Application of this rule is rare, though, and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Id.* This incredible dubiosity rule applies only when a witness contradicts himself or herself in a single statement or while testifying, and does not apply to conflicts between multiple statements. *Glenn v. State*, 884 N.E.2d 347, 356 (Ind. Ct. App. 2008), *trans. denied*.

Livers claims that Maroon was inconsistent in describing how Livers hit her jaw while holding the driver's side door open and therefore her testimony was incredibly dubious. He argues that Maroon described his conduct at least three different ways:

7

Livers hit her through the car door window, or over or through the car door itself. While somewhat equivocal, we do not find this testimony incredible because Maroon consistently testified that Livers struck her on the left side of her jaw, and she never deviated from that testimony. Further, during re-direct, the State clarified that by holding the door open, there was an opening between the car and the door. As a result of observing Livers' "physique in the courtroom" and without testimony regarding the size of [Maroon's] car," the trial court concluded that Livers did not show that Maroon's testimony lacked plausibility. (Appellant's App. p. 37). More importantly, the State produced circumstantial evidence in the form of Officer Vernon's testimony on Maroon's jaw injury and photographs depicting the same. Thus, we conclude that the State provided sufficient evidence to support Livers' battery conviction.

### CONCLUSION

Based upon the foregoing, we conclude that Livers was not denied effective assistance of counsel. We further conclude that the State produced sufficient evidence to prove beyond a reasonable doubt that Livers committed battery.

Affirmed.

ROBB, C. J. and VAIDIK, J. concur

8