# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**RUTH JOHNSON**
Marion County Public Defender Agency

CERTIFIED LEGAL INTERN
**ERIC SOMMERS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COURTNEY GLENN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1302-CR-79 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM MARION SUPERIOR COURT
The Honorable James B. Osborn, Judge
Cause No. 49F15-1203-FD-20009

**October 31, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Courtney Glenn appeals her convictions of Class A misdemeanor resisting law enforcement[1] and Class B misdemeanor disorderly conduct.[2] She presents the following issues for our review:

1.  Whether there was sufficient evidence to sustain Glenn's convictions; and

2.  Whether Glenn's convictions subjected her to double jeopardy.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 25, 2012, Glenn entered a K-Mart and placed three shirts in her purse. As Glenn left the store, a loss prevention officer detained her until police arrived. Responding Officer Gary Smith found Glenn uncooperative and argumentative. While being escorted from the store, Glenn refused to walk, aggressively attempted to pull free, and repeatedly shouted profanities at Officer Smith. On more than one occasion, Officer Smith used a leg sweep to regain control of Glenn. Outside the store, Glenn continued to argue loudly with Officer Smith and tried to move around. Officer Smith told Glenn multiple times to remain seated. While seated, Glenn freed one hand from the handcuffs, stood up, and swung the handcuffed hand at Officer Smith, causing the handcuff to swing within a few inches of the officer.

The State charged Glenn with one count of Class D felony theft,[3] one count of Class A misdemeanor resisting law enforcement, and two counts of Class B misdemeanor disorderly

---

[1] Ind. Code § 35-44.1-3-1(a)(1).
[2] Ind. Code § 35-45-1-3(a)(1).
[3] Ind. Code § 35-43-4-2(a).

2

conduct. The State dismissed the theft charge and tried Glenn to the bench on the remaining charges. The court convicted Glenn of resisting law enforcement and one count of disorderly conduct. The trial court sentenced her to 365 days, with 359 days suspended and 365 days probation.

## DISCUSSION AND DECISION

### 1. Sufficiency of the Evidence

Glenn contends the State did not present sufficient evidence to support her convictions. When we review sufficiency of evidence we do not reweigh evidence or assess witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* The evidence need not overcome every inference of innocence. *Id.* at 147. Evidence is sufficient if it permits a reasonably drawn inference that supports the verdict. *Id.* The conviction will be affirmed "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.*

### a. Resisting Law Enforcement

Class A misdemeanor resisting law enforcement occurs when a person "knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1). One forcibly resists when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993). Glenn contends her feet-dragging and multiple attempts to pull away

3

from Officer Smith were not forcible resistance. We disagree.

In *Spangler*, a Sheriff's deputy attempted to serve Spangler, at his place of employment, with a protective order issued against Spangler. Spangler refused to accept the papers, told the deputy not to bother him at work, and walked away. When Spangler continued to refuse to accept the documents or to comply with orders, the deputy arrested him for disorderly conduct. The State charged Spangler with resisting law enforcement, but the Court concluded Spangler did not act forcibly when no "strength, power, or violence" was used and no "movement or threatening gesture" was directed at the police officer. *Id*. at 724.

Glenn's actions were not analogous to Spangler's actions; rather, Glenn acted more like the defendant in *Johnson v. State*, 833 N.E.2d 516 (Ind. Ct. App. 2005). A police officer twice asked Johnson to move his vehicle because it was blocking traffic. When Johnson refused, the officer activated his lights, stepped out of his cruiser, and approached Johnson's driver side door. Johnson again refused to move his vehicle, and the officer placed him under arrest. While being searched following arrest, Johnson turned and pushed away with his shoulders while cursing and yelling. After being searched, Johnson refused to get into the transport vehicle and he "stiffened up" so the officers had to exert physical force to place him inside. *Id*. at 517. We concluded Johnson acted "forcibly" and affirmed his conviction of resisting law enforcement. *Id* at 518.

Glenn was convicted of resisting law enforcement after she refused to walk and, on more than one occasion, "aggressively" tried to pull away from Officer Smith. (Tr. at 7.) As

4

in *Johnson*, the resistance was forcible and there was ample evidence to support the conviction.

              b.      <u>Disorderly Conduct</u>

"A person who recklessly, knowingly, or intentionally . . . engages in fighting or in tumultuous conduct" commits disorderly conduct. Ind. Code § 35-45-1-3(a)(1). Conduct is "tumultuous" if it "results in, or is likely to result in, serious bodily injury to a person or substantial damage to property." Ind. Code § 35-45-1-1. Serious bodily injury occurs when an injury "creates a substantial risk of death or . . . causes: (1) serious permanent disfigurement; (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ . . . ." Ind. Code § 35-31.5-2-292. Glenn asserts none of her actions were likely to result in serious bodily injury. We disagree.

Officer Smith testified Glenn freed one of her hands from the handcuffs, stood up, and then swung her handcuffed hand at him, bringing the handcuff within inches of him. Glenn contends she was merely showing Officer Smith the handcuff malfunction and had no intention of striking him. However, when evidence conflicts, as it does here, "we are bound to view only that evidence which is most favorable to the verdict and all reasonable inferences therefrom." *Bunting v. State*, 731 N.E.2d 31, 33 (Ind. Ct. App. 2000), *trans. denied*. Viewing the evidence most favorable to the conviction, a reasonable fact-finder could conclude Glenn swung the handcuff at Officer Smith and serious bodily injury could have resulted therefrom. *See*, *e.g.*, *Bailey v. State*, 907 N.E.2d 1003, 1007 (Ind. 2009) (affirming disorderly conduct conviction where a high school student threw down his drink,

5

clenched his fists, and cursed in the face of a school official). Finding otherwise would require us to weigh evidence and assess witness credibility, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court will not reweigh evidence or judge witness credibility).

### 2. Double Jeopardy

Article I, Section 14 of the Indiana Constitution provides in relevant part: "No person shall be put in jeopardy twice for the same offense." Glenn asserts she was subjected to double jeopardy when she was convicted of both resisting law enforcement and disorderly conduct. She was not.

Two offenses are the "same offense" in violation of Indiana's Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002). We review *de novo* whether a defendant's convictions violate this provision. *Spears v. State,* 735 N.E.2d 1161, 1166 (Ind. 2000), *reh'g denied.*

Glenn contends she was subjected to double jeopardy under the "actual evidence" test. To demonstrate two challenged offenses are the same under that test, a defendant must demonstrate a reasonable possibility the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. *Id.* We conduct our analysis by examining the evidence presented at trial to determine whether each challenged offense was established by separate and distinct facts. *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999). There is no

6

double jeopardy violation when the evidentiary facts establishing the essential elements of one offense establish only one or even several, but not all, of the elements of a second offense. *Spivey*, 761 N.E.2d at 833.

To determine what facts were used to convict, we consider the evidence, charging information, final jury instructions, and arguments of counsel. *Davis v. State,* 770 N.E.2d 319, 324 (Ind. 2002), *reh'g denied*. To show Glenn resisted law enforcement, the State presented evidence Glenn tried several times to aggressively push away from Officer Smith. To show disorderly conduct, the State presented testimony that Glenn, while seated outside the store, broke free from her handcuffs and swung them at Officer Smith.

To support her contention she was subjected to double jeopardy, Glenn notes the trial court did not fully explain which facts it relied on to support each conviction. This lack of clarity, Glenn asserts, implies a reasonable possibility the court based both convictions on identical facts. However, we assume the trial court, at a bench trial, followed the law and applied it correctly. *M.T. v. State*, 787 N.E.2d 509, 513 (Ind. Ct. App. 2003). There was a sufficient separate basis to convict Glenn of both resisting law enforcement and disorderly conduct. *See*, *e.g.*, *Bald v. State*, 766 N.E.2d 1170, 1172 (Ind. 2002) (holding simultaneous convictions did not violate the state double jeopardy prohibition when each conviction rested on at least one unique evidentiary fact).

## CONCLUSION

The State presented sufficient evidence to convict Glenn of resisting law enforcement and disorderly conduct, and Glenn has not demonstrated her convictions rested on identical

7

facts in violation of Indiana's double jeopardy provision. Accordingly, we affirm.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.