**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 31 2014, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**YVETTE M. LAPLANTE**
Keating & LaPlante, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW LEE BARNETT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 82A04-1309-CR-444 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1304-FB-511

**March 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Following a jury trial, Andrew Barnett was convicted of attempted armed robbery, a Class B felony; attempted burglary, a Class B felony; intimidation, a Class C felony; carrying a handgun without a license, a Class A misdemeanor; and resisting law enforcement, a Class A misdemeanor. He appeals his convictions, raising one issue for our review: whether sufficient evidence supports his convictions. Concluding the State presented sufficient evidence, we affirm.

## Facts and Procedural History

The facts most favorable to the judgment indicate that for three months in 2013 Barnett lived with his friends Derrick Hickerson, Terry Adams, and Adams's wife and daughter. Hickerson's name was on the lease, and he paid all of the bills. Hickerson asked the people staying with him to contribute to living expenses but no one did. By the end of March or early April, the Sheriff had placed an eviction notice on Hickerson's door. Hickerson moved out.

Hickerson moved in with Latarius Watkins and did not share his new address with Adams or Barnett. Late on the night of April 5, 2013, while Hickerson was putting together a television stand at his new residence, Barnett, Adams, Adams's family, and Cassandra Kalbarchick opened Hickerson's unlocked door and walked into Hickerson's apartment.

The women were intoxicated and sat down inside Hickerson's apartment. Adams demanded money or the television from Hickerson. Adams showed Hickerson a knife while Barnett called Hickerson names and told Adams they should just take the television. Adams's wife took the knife away from her husband and everyone, including

Hickerson, left the apartment and went outside. At that point, Watkins returned home and entered the apartment with Barnett following him in. Inside, Watkins and Barnett fought and later returned outside where Barnett drew a gun and pointed it at both Watkins and Hickerson. He again called Hickerson names, told Adams they should just take the television, and threatened to shoot. The group eventually left in their vehicle and Hickerson called 911.

Officer Jackie Lowe, who was patrolling the area, was advised of a home invasion involving a possible weapon from which the suspects fled in a maroon car. She came upon a vehicle matching that description and initiated her overhead lights. The car came to a nearly complete stop, and a man exited from the rear driver's side door and ran. Barnett stipulated at trial that he was the man who fled. Additional officers and a K-9 unit were called to the scene and tracked Barnett to a nearby home from which they recovered Barnett's hat and a loaded .380 caliber pistol. The gun's safety was off and the hammer was cocked as if ready to fire. Barnett did not have a license to carry a handgun.

A jury found Barnett guilty of attempted armed robbery and attempted burglary, both Class B felonies; intimidation, a Class C felony; and carrying a handgun without a license and resisting law enforcement, both Class A misdemeanors. Barnett was sentenced to concurrent terms totaling ten years. Barnett now appeals his convictions.

Discussion and Decision

I. Standard of Review

In reviewing claims for sufficiency of evidence, we do not reweigh evidence or judge the credibility of the witnesses. Bocanegra v. State, 969 N.E.2d 1026, 1028 (Ind. Ct. App. 2012), trans. denied. We only consider the evidence most favorable to the

3

verdict and the reasonable inferences that may be drawn from it. Id. As long as each element of the charged crime may be satisfied beyond a reasonable doubt, the verdict will be affirmed. Glenn v. State, 999 N.E.2d 859, 861 (Ind. Ct. App. 2013).

## II. Sufficiency of Evidence

Barnett points to several instances where Hickerson's deposition statements differ from his testimony at trial regarding Barnett's involvement in the crime and the nature of the relationship between Hickerson and Barnett. He argues that Hickerson's testimony is therefore inconsistent and inherently contradictory and under the incredible dubiosity rule, insufficient to support his convictions.[1]

Under the "incredible dubiosity rule," this court may impinge upon the jury's responsibility to judge the credibility of witnesses only when confronted with inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony. Manuel v. State, 971 N.E.2d 1262, 1271 (Ind. Ct. App. 2012). Application of this rule is rare, and the standard applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. Id. Further, this rule "applies only when a witness contradicts himself or herself in a single statement or while testifying, and does not apply to conflicts between multiple statements." Livers v. State, 994 N.E.2d 1251, 1256 (Ind. Ct. App. 2013).

---

[1] Barnett's Appellant's Brief does not include a Statement of Issues as required by Indiana Appellate Rule 46(A)(4). His Summary of Argument is that Hickerson's "testimony is inherently contradictory, [and] this Court should overturn [Barnett's] conviction." Appellant's Brief at 4 (emphasis added). He states at the outset of his standard of review that "[t]he evidence is insufficient to support the conviction for attempted armed robbery." Id. It may be that Barnett challenges only the single conviction of attempted armed robbery, but because Barnett challenges Hickerson's testimony which was offered to prove the crimes of attempted armed robbery, attempted burglary, and intimidation, we address all three crimes. We assume Barnett concedes his convictions of carrying a handgun without a license and resisting law enforcement are supported by the evidence.

4

Equivocal phrases during testimony do not necessarily make the testimony incredible. In Livers, the victim of a battery testified the defendant hit her in three different ways: through a car door window, over the door, and through the door itself. These accounts, while equivocal, did not make the testimony incredible because the victim "consistently testified" that Livers struck her on the left side of her jaw and "never deviated from that testimony." Id.

Here, Barnett argues that Hickerson's testimony is equivocal and inconsistent at trial when compared to his deposition. Yet the incredible dubiosity rule "does not apply to conflicts between multiple statements." Id.; see also Buckner v. State, 857 N.E.2d 1011, 1018 (Ind. Ct. App. 2006) ("The incredible dubiosity rule applies to conflicts in trial testimony rather than conflicts that exist between trial testimony and statements made to the police before trial."). Therefore, any inconsistences between Hickerson's deposition and trial testimony are irrelevant. Further, Hickerson, like the victim in Livers, consistently made the same claim: Barnett entered Hickerson's home uninvited, encouraged Adams to take Hickerson's television, and pointed a gun at him. Any minor inconsistencies or equivocal statements in his trial testimony fail to rise to the level of incredible dubiosity, and we will not substitute our judgment for that of the jury's.

## Conclusion

The State presented sufficient evidence to support Barnett's convictions of attempted armed robbery, attempted burglary, and intimidation. We therefore affirm the convictions.

Affirmed.

BARNES, J, and BROWN, J., concur.

5