**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSHUA CORNETT, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  49A02-1308-CR-730 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Linda E. Brown, Judge
The Honorable Christina R. Klineman, Master Commissioner
Cause No. 49F10-1212-CM-86713

**April 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Joshua Cornett appeals his conviction in a bench trial of resisting law enforcement as a Class A misdemeanor.[1]

We affirm.

## Issue

Cornett's sole issue is whether there is sufficient evidence to support his conviction.

## Facts and Procedural History

On December 30, 2012, at approximately 4:00 a.m., Indianapolis Metropolitan Police Department Officers David Pankoke and William Pang were dispatched to a vehicle that was parked in front of some pine trees about five feet off the road. Cornett, who was slumped over the center console, had fallen asleep in the driver's seat.

Office Pankoke attempted to rouse Cornett by pounding on the driver's side window. When Cornett did not respond, Pankoke opened the unlocked driver's side door and immediately smelled the odor of alcohol. The officer shook Cornett's wrist briefly until Cornett woke up. Cornett tried to close the car door on Officer Pankoke so that he could drive away, but an officer had his keys. For Cornett's safety, the officers decided to arrest him for public intoxication.

When Officer Pankoke tried to pull Cornett out of his car, Cornett grabbed the emergency brake handle and tried to pull himself away from the officer and back into the car. Working together, the officers were eventually able to pull Cornet from his car. Once outside

---

[1] Ind. Code § 35-44.1-3-1.

2

the car, Cornett resisted the officers' attempts to handcuff him by forcefully pulling his arms out of their grasps. The officers subsequently had to place Cornett face down on the ground to get his hands behind his back to handcuff him.

The State charged Cornett with Resisting Law Enforcement as a Class A misdemeanor and Public Intoxication as a Class B misdemeanor. The State dismissed the public intoxication charge, and the trial court convicted Cornett of resisting law enforcement and sentenced him to 180 days in jail with all but two days suspended.

Cornett appeals.

**Discussion and Decision**

Cornett argues that that there is insufficient evidence to support his conviction. When we review the sufficiency of the evidence, we do not reweigh the evidence or assess the credibility of the witnesses. Glenn v. State, 999 N.E.2d 859, 861 (Ind. Ct. App. 2013). We consider only the probative evidence and the reasonable inferences supporting the verdict. Id. The evidence is sufficient if it permits a reasonably drawn inference that supports the verdict. Id. The conviction will be affirmed unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. Id.

To convict Cornett of resisting law enforcement, the State had to prove beyond a reasonable doubt that he knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer while the officer was lawfully engaged in the execution of the officer's duties. See Lopez v. State, 926 N.E.2d 1090, 1092 (Ind. Ct. App. 2010), trans. denied. One forcibly resists when "strong, powerful, violent means are used to evade a law

3

enforcement official's rightful exercise of his or her duties." Spangler v. State, 607 N.E.2d 720, 723 (Ind. 1993).

Cornett argues that there is insufficient evidence that he forcibly resisted the officers. Rather, according to Cornett, he simply "pulled away from the officers and tried to crawl back into his car in a disoriented state." Appellant's Br. p. 2. In support of his argument, he cites Spangler, 607 N.E.2d at 720.

In Spangler, a deputy attempted to serve Spangler with a protective order. Spangler refused to accept the papers, told the deputy not to bother him at work, and walked away. When Spangler continued to refuse to accept the documents or comply with orders, the deputy arrested him. Spangler was subsequently convicted of resisting law enforcement. On appeal, the Indiana Supreme Court concluded that Spangler did not act forcibly when no "strength, power, or violence" was used and no "movement or threatening gesture" was directed at the police officer. Id. at 724.

Cornett's actions, however, are not analogous to those in Spangler. Rather, Cornett's actions are more analogous to those in Wellman v. State, 703 N.E.2d 1061 (Ind. Ct. App. 1998). There, police officers went to Wellman's house to investigate a report of child abuse. When the officers arrived, Wellman was uncooperative and went back into his house. The officers forced open the front door, entered the house, and advised Wellman he was under arrest. Wellman told the officers that he was not leaving and extended his arms to the sides of the doorway to hold himself in the doorway, but one of the officers pushed him outside. Once outside, the officer was forced to move Wellman's arms to put on handcuffs. Wellman

4

was convicted of two counts of resisting law enforcement, one for fleeing and one for resisting. On appeal, this court explained that Wellman physically resisted leaving the house by placing his hands against the door frame. Id. at 1064. The officer was forced to shove him through the doorway in order to get him outside. Id. Once outside, Wellman refused to get up and walk, forcing the officer to lift Wellman onto his feet. Id. We concluded that this evidence was sufficient to prove that Wellman acted with the requisite force in resisting the officer in the performance of his duties and therefore was sufficient to support Wellman's conviction. Id.

Here, as in Wellman, Cornett physically resisted leaving his car by placing his hands on the parking brake. The officers were forced to pull him out of his car. Once outside the car, Cornett resisted the officers by forcefully pulling his arms out of their grasps. The officers had to place Cornett face down on the ground to get his hands behind his back to handcuff him. This evidence is sufficient to support Cornett's conviction for resisting law enforcement. See Wellman, 703 N.E.2d at 1061. See also, Glenn v. State, 999 N.E.2d at 859 (concluding the defendant forcibly resisted where she refused to walk and aggressively tried to pull away from a police officer); Johnson v. State, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005) (concluding the defendant forcibly resisted where he used physical means to resist the officers by turning away and pushing away with his shoulders and "stiffened up" so officers had to exert physical force to place him inside the transport vehicle).

**Conclusion**

5

There is sufficient evidence to support Cornett's conviction of resisting law enforcement.

Affirmed.

KIRSCH, J., and MAY, J., concur.