## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 14 2015, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Ryan W. Tanselle
Capper Tulley & Reimondo
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Hatfield,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

September 14, 2015

Court of Appeals Case No. 32A01-1411-CR-510

Appeal from the Hendricks Superior Court
The Honorable Karen M. Love, Judge
Case No. 32D03-1308-CM-1088

**Robb, Judge.**

# Case Summary and Issues

[1]     Following a bench trial, William Hatfield was found guilty of leaving the scene of an accident resulting in injury, a Class A misdemeanor.  He raises three

issues for our review, namely:  1) whether the evidence sustains his conviction; 2) whether the trial court committed fundamental error when it ordered him to pay restitution; and 3) whether his sentence is inappropriate in light of the nature of his offense and his character.  Concluding that the State produced sufficient evidence for the trial court to find Hatfield guilty, Hatfield invited any error regarding the entry of the restitution order which, nevertheless, was supported by adequate evidence, and Hatfield has failed to show that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2]     On August 8, 2013, Hatfield drove a pickup truck westbound on East County Road 675 South in Hendricks County.  Asfahan Kahn was driving eastbound on the same road with his wife and his brother-in-law in a sedan.  The front of Hatfield's truck collided with the driver's side of Kahn's sedan, resulting in damage.  Upon impact, Hatfield felt as though his truck "stopped for a moment."  Transcript at 70.  The vehicles bounced off one another.  Kahn's sedan hit a telephone pole and then came to rest in a bean field.

[3]     After the accident, Hatfield stopped his truck, exited, and checked his cargo. Hatfield, who had no insurance on his truck, drove away without providing Kahn any identifying information.  Hatfield did not check on the occupants of Kahn's sedan or provide them with other assistance.  A citizen followed Hatfield, who was driving at "high speed," tr. at 46, for over three miles before blocking Hatfield's truck.  Along the route there were multiple places where

Hatfield could have turned around and returned to the site of the accident. The citizen and Hatfield returned together to the scene of the accident, where Hatfield was arrested. Kahn and his passengers were treated by first responders and then were taken to Methodist Hospital.

The State charged Hatfield with leaving the scene of an accident resulting in injury. The trial court found Hatfield guilty and later sentenced him to 364 days of imprisonment in the county jail, with 362 days suspended to probation and credit for time served. The trial court also entered an order of restitution as a civil judgment in the amount of $14,852.67 in favor of Kahn's insurer. Hatfield had no objection to the entry of the order. Hatfield now appeals. Additional facts will be added as necessary.

# Discussion and Decision

## I. Sufficiency of Evidence

### A. Standard of Review

"When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict." *Oster v. State*, 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied*. We will not reweigh evidence or assess credibility of the witnesses. *Glenn v. State*, 999 N.E.2d 859, 861 (Ind. Ct. App. 2013). "The conviction will be affirmed unless no reasonable fact-finder could find the elements of the crime

proven beyond a reasonable doubt." *Id.* (citation and quotation marks omitted).

## B. Leaving the Scene of an Accident

The driver of a vehicle that is involved in an accident resulting in injury must immediately stop his vehicle, remain there until he has provided identifying information, and render reasonable assistance to those injured in the accident. Ind. Code §§ 9-26-1-1(1)-(2) (2013). Failure to do so constitutes the criminal offense of leaving the scene of an accident. Ind. Code § 9-26-1-8(a) (2013). "The purpose of the statute is to provide prompt aid for persons who are injured or whose property is damaged and to sufficiently establish the identity of the parties so that they and police authorities may know with whom to deal in matters growing out of the accident." *Hudson v. State*, 20 N.E.3d 900, 904 (Ind. Ct. App. 2014) (citations omitted).

In order to convict Hatfield of leaving the scene of an accident resulting in injury as charged, the State was required to show that Hatfield,

> being the driver of a vehicle involved in an accident that resulted in injury to [Kahn and his passengers], did fail to remain at the accident scene until the driver had provided name, address, and vehicle registration number and determined the need for and rendered reasonable assistance to the injured.

Appellant's Appendix at 10. The evidence at trial showed that, after initially stopping to check on the status of his cargo, Hatfield drove at a high rate of speed over three miles away from the location of the accident. Before leaving, Hatfield did not provide anyone at the accident scene with his identifying

information, nor did he check on the occupants of the vehicle he had struck. Hatfield did not have any insurance on the truck, a fact that supplied a possible motive for the offense. The evidence at trial also showed that Hatfield had multiple opportunities to stop and return to the scene of the accident but did not until his truck was blocked by another citizen. The trial court reasonably concluded from this evidence that Hatfield did not comply with the statute's requirements.

[8] On appeal, Hatfield offers explanations for why it was necessary for him to leave the scene of the accident. However, Hatfield testified at trial, and, thus, the trial court heard his version of what occurred after the accident. The trial court rejected those explanations. Hatfield essentially requests that we reweigh the evidence and reassess the credibility of the witnesses, which we do not do. *Glenn*, 999 N.E.2d at 861.

[9] In addition, Hatfield's argument that he returned to the scene and cooperated with authorities is unpersuasive. The statute required that Hatfield *remain* at the scene of the accident. I.C. § 9-26-1-1(1). The offense was complete when Hatfield drove away from the scene. The fact that Hatfield returned and cooperated with the authorities does not change the fact that he initially left the scene of the accident.

# II. Restitution Order

## A. Standard of Review

[10]   Pursuant to Indiana Code section 35-50-5-3, a trial court may order restitution to the victim of a crime. An order of restitution is a matter within the trial court's discretion, and we will only reverse the trial court's order upon a showing of abuse of that discretion. *M.C. v. State*, 817 N.E.2d 606, 608 (Ind. Ct. App. 2004). "An abuse of discretion occurs when the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. at 609.

## B. Entry of Restitution Order

[11]   Hatfield argues that the trial court committed fundamental error when it ordered him to pay restitution for damages not stemming from his conviction. However, at sentencing Hatfield, through his counsel, affirmatively stated that he had no challenge to the claim for restitution. Thus, to the extent that the trial court committed any error, it was invited by Hatfield. Invited error is not reversible error. *Mitchell v. State*, 730 N.E.2d 197, 201 (Ind. Ct. App. 2000) (upholding restitution order where Mitchell agreed to pay counseling expenses up to a certain dollar amount). *See also C.H. v. State*, 15 N.E.3d 1086, 1096-97 (Ind. Ct. App. 2014) (following *Mitchell* and finding invited error despite defendant's fundamental error argument, while acknowledging the contrary

precedent of *Bennett v. State*, 862 N.E.2d 1281, 1288 (Ind. Ct. App. 2007)), *trans. denied*.

[12]   On appeal, Hatfield does not address the effect of his statements at sentencing. Moreover, the case he cites in support of addressing his claim as one of fundamental error, *Lohmiller v. State*, 884 N.E.2d 903, 916 (Ind. Ct. App. 2008), is unpersuasive as that case did not involve invited error. Although the result may have been different had Hatfield objected to the entry of the restitution order, we decline to address his fundamental error argument based upon the facts of this case.

## C.  Sufficiency of Order

[13]   Hatfield also argues that the trial court's restitution order was not supported by adequate evidence. As a general matter, the evidence supporting a restitution order is sufficient if it provides the trier of fact with a reasonable basis for estimating loss and does not merely provide a basis for speculation or conjecture. *Guzman v. State*, 985 N.E.2d 1125, 1130 (Ind. Ct. App. 2013).

[14]   Here, the State provided Hatfield with a claim for restitution from Kahn's insurer in the amount of $14,852.67. The claim itself was not admitted into evidence, although the trial court, the State, and Hatfield's counsel discussed it in open court without objection. The insurer's claim detailed that the total included "injury settlements for the three occupants of the vehicle that the victims were in, medical payment coverage for all three of them, rental costs and the totaled vehicle as well as the insurance deductible." Tr. at 83. This

itemization, coupled with Hatfield's lack of objection, was sufficiently detailed to provide a reasonable basis for determining the amount of damages. *See Morris v. State*, 2 N.E.3d 7, 9 (Ind. Ct. App. 2013) (order upheld despite the fact that supporting documentation was not admitted into evidence where trial court and the State referred to it without objection); *Ladd v. State*, 710 N.E.2d 188, 192 (Ind. Ct. App. 1999) (upholding restitution order based upon an affidavit that stated total amount of costs for law enforcement and litigation which was admitted without objection).

# III. Inappropriate Sentence

## A. Standard of Review

[15] This court has the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The trial court imposed upon Hatfield a 364-day sentence, with 362 days suspended to probation and credit for time served. When the assessing the appropriateness of a sentence, we may consider both the executed and suspended portions of that sentence. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

## B. Nature of Offense

Hatfield was convicted of leaving the scene of an accident involving three people. The impact of the accident was such that it felt to Hatfield that his truck "stopped for a moment." Tr. at 70. Kahn's sedan was propelled first into a telephone pole and then into a bean field. The chance of injury to property and person of such a collision was apparent. Hatfield, despite having the time to check on the status of the cargo in his truck, did not check on the people in Kahn's car. Hatfield, who was not insured, left the scene at a high rate of speed and did not turn around until he was over three miles away from the accident, despite the fact that he had multiple opportunities to do so. In light of these facts, we do not find Hatfield's sentence to be inappropriate on the basis of the nature of his offense.

## C. Character of the Offender

Hatfield directs our attention to a number of positive character traits which he contends render his sentence inappropriate. At his sentencing hearing, Hatfield and his counsel placed these same factors before the trial court who fashioned a sentence that took those factors into account. The trial court declined to place Hatfield on community service, evidently to allow Hatfield to concentrate his efforts on fulfilling his restitution obligation. Hatfield has failed to meet his burden on appeal to show us that his sentence is inappropriate in light of the nature of his offense and his character. *Childress*, 848 N.E.2d at 1080.

# Conclusion

We conclude that sufficient evidence supports Hatfield's conviction, that Hatfield invited any error as to the entry trial court's restitution order which was supported by sufficient evidence, and that Hatfield's sentence is not inappropriate.

Affirmed.

May, J., and Mathias, J., concur.