

FILED

Oct 30 2017, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Stanley Williams,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 30, 2017<br><br>Court of Appeals Case No.<br>49A04-1704-CR-672<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Mark D. Stoner,<br>Judge<br><br>Trial Court Cause No.<br>49G06-1607-F3-28635 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Stanley Williams was found guilty of failing to warn persons at risk that he is a dangerous communicable disease carrier, a Level 6 felony. Williams raises a single issue on appeal which we restate as whether the State presented sufficient evidence to support his conviction. Concluding the evidence is sufficient to support his conviction, we affirm.

# Facts and Procedural History

[2] In 2004, Williams was diagnosed with AIDS and informed by a registered nurse of his duty to warn all sexual partners of his diagnosis. The registered nurse completed an "Adult HIV / AIDS Confidential Case Report" which features, under "Section XI: Post-Test Counseling [,]" a question asking, "[h]as this patient been told of their duty to warn all sex . . . partners of this HIV statute prior to engaging in this behavior?" Exhibits Volume, Exhibit 1. The box labeled "Yes" following this question was marked with an X to indicate the patient had been informed.

[3] On December 16, 2010, Williams met with a care coordinator/licensed social worker and signed a form titled "Duty to Warn" from the Indiana State Department of Health-HIV Care Coordination program. Exhibits Vol., Ex. 1. In relevant part, the paperwork stated, "[t]his form must be reviewed and signed at each quarterly review. The duty to warn laws, or IC 16-41-7, state that one must notify sex . . . partner(s) of his/her positive HIV or AIDS status prior to:

[e]ngaging in any sexual acts . . ." *Id.* The form further explained that "[w]ith my signature below, I attest that the responsibilities under the Duty to Warn Laws in Indiana have been clearly explained to me." *Id.*

[4] In 2014, Williams met R.B. and began engaging in sexual activity with her. During this time, Williams never informed R.B. of his HIV status nor did they use any form of prophylactic. During their relationship, R.B. never observed Williams seek medical treatment or consume medication related to HIV.

[5] After a year, R.B. noticed strange marks on Williams' back and urged him to visit a doctor. Williams was soon diagnosed with Kaposi's sarcoma, a type of skin cancer connected to advanced HIV infection. Williams described the strange marks to R.B. as cancer only and still did not inform R.B. of his HIV-carrier status. Williams did suggest the use of prophylactics with R.B., but despite this gesture, never began using prophylactics.

[6] In early 2016, R.B. found the medical discharge papers from Williams' Kaposi sarcoma diagnosis and discovered his HIV status. R.B. immediately visited a hospital emergency center and tested positive for HIV.

[7] The State charged Williams with aggravated battery, a Level 3 felony, and knowingly or intentionally failing to warn a person at risk he was a dangerous communicable disease carrier, a Level 6 felony.[1] At the bench trial, the State

---

[1] Williams was found not guilty of aggravated battery, a Level 3 felony.

and Williams stipulated to the admission of State's Exhibit 1 into evidence, which included (1) a notarized Affidavit of Custodian of Business Records (2) the Adult HIV/AIDS Confidential Case Report, and (3) the signed form titled "Duty to Warn" from the Indiana State Department of Health. The medical discharge papers found by R.B. were admitted at trial as State's Exhibits 2 through 5. R.B. also testified concerning her sexual relationship with Williams. After the bench trial, the trial court found Williams guilty of failure to warn persons at risk he is a dangerous communicable disease carrier. Williams now appeals.

# Discussion and Decision

## I. Standard of Review

[8] "When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict." *Oster v. State*, 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied*. We do not reweigh evidence or assess witness credibility. *Glenn v. State*, 999 N.E.2d 859, 861 (Ind. Ct. App. 2013). "The conviction will be affirmed unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*. (citation and quotation marks omitted). A conviction will be reversed if there is no evidence to support any one of the necessary elements of the offense. *Macy v. State*, 9 N.E.3d 249, 251 (Ind. Ct. App. 2014).

# II. Failure to Warn

## A. Statutory Authority

[9] Williams was found guilty of violating Indiana Code section 35-45-21-3(b), which states that "[a] person who knowingly or intentionally violates or fails to comply with IC 16-41-7-1 commits a Level 6 felony." In turn, Indiana Code section 16-41-7-1 states:

> (a) This section applies to the following dangerous communicable diseases:
>
> > (1) Acquired immune deficiency syndrome (AIDS).
> > (2) Human immunodeficiency virus.
>
> \* \* \*
>
> (b) As used in this section, "high risk activity" means sexual . . . contact that has been demonstrated epidemiologically to transmit a dangerous communicable disease described in subsection (a).
>
> (c) As used in this section, "person at risk" means:
>
> > (1) Past and present sexual . . . partners who may have engaged in high risk activity; or
> > (2) Sexual . . . partners before engaging in high risk activity;
>
> with the carrier of a dangerous communicable disease described in subsection (a).
>
> (d) Carriers who know of their status as a carrier of a dangerous communicable disease described in subsection (a) have a duty to

warn or cause to be warned by a third party a person at risk of the following:

> (1) The carrier's disease status.
> (2) The need to seek health care such as counseling and testing.

## B. Proof of Failure to Comply

To convict Williams of failing to warn a person at risk he was a dangerous communicable disease carrier under Indiana Code section 35-45-21-3(b), the State was required to prove beyond a reasonable doubt he knowingly or intentionally violated Indiana Code section 16-41-7-1. As defined by statute, "[a] person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind. Code § 35-41-2-2(b).

Williams asserts the State has failed to offer sufficient evidence that he committed the failure to warn offense under Indiana Code section 35-45-21-3(b) because the State did not prove he knowingly or intentionally violated Indiana Code section 16-41-7-1. We disagree.

First, Williams argues the State failed to provide evidence showing the Stanley Williams named in State's Exhibit 1 is the same Stanley Williams on trial. The parties stipulated to the admission of State's Exhibit 1. In relevant part, the colloquy went as follows:

> [State]:                [Defense counsel] has stipulated that the
>                               [Officer's Arrest Report] will be the same
>                               Stanley Williams that is reflected in State's

> Exhibit 1, which is a certified copy of the Indiana State Department of Health records .
> . . .

[Court]:           [Defense counsel], is that correct? Is there a stipulation between the parties?

[Defense Counsel]: Yes, Judge.  And I will stipulate to that.

[Court]:           All right.  So we will show State's Exhibit Number 1 entered by stipulation of the parties.

Transcript at 7-8.

[13]   Williams admits the parties stipulated to this admission, but argues the evidence does not permit the conclusion the Stanley Williams named in State's Exhibit 1 is the same Stanley Williams on trial.  However, the Adult HIV/AIDS Confidential Case Report in State's Exhibit 1 identified Stanley Williams as an African American male born March 9, 1968.  The medical paperwork found by R.B., admitted as State's Exhibit 2 through 5, also identifies Stanley Williams as an African American male born March 9, 1968.  Further, R.B. testified, identifying Williams as the person she engaged in sexual activity with and acknowledging she found the medical paperwork admitted as Exhibits 2 through 5 in Williams' home.  This is sufficient evidence for the trial court to conclude the Stanley Williams on trial was the same Stanley Williams named in Exhibit 1.

[14] Finally, Williams does not challenge the evidence supporting his HIV-carrier status, his knowledge of his HIV-carrier status, or that R.B. was a person at risk whom he failed to warn before engaging in sexual activity. Rather, Williams argues the State has failed to provide sufficient evidence to show Williams knew of his duty to warn R.B. before engaging in sexual intercourse.[2] Again, we disagree.

[15] At trial, the State presented evidence demonstrating Williams was informed at least twice of his duty to inform—once on the day of his HIV diagnosis and again in 2010—and his knowledge was confirmed by his signature on the Duty to Warn form. This form stated that Williams had a duty to warn prior to engaging in sexual contact and his signature verified that Indiana's duty to warn laws had been explained to him. The State presented sufficient evidence to support Williams' conviction for failing to warn sexual partners of his HIV-carrier status.

# Conclusion

---

[2] Williams also asserts the information given to him did not inform him that his duty to warn sexual partners of his HIV-carrier status "continue[d] indefinitely." Brief of Appellant at 14. However, this argument misreads the statute. Indiana Code section 16-41-7-1 imposes a duty to warn on those who have one of the listed dangerous communicable diseases. The statute does not offer a time limitation on a carrier's duty to warn and states "[c]arriers who know of their status as a carrier of a dangerous communicable disease described in subsection (a) have a duty to warn . . . ." Ind. Code § 16-41-7-1(d). Williams knew he had HIV; therefore, he had a duty to warn R.B.

[16] The State presented sufficient evidence to support Williams' conviction for failing to warn he was a dangerous communicable disease carrier. Williams' conviction is therefore affirmed.

[17] Affirmed.

Riley, J., and Pyle, J., concur.