## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 26 2018, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Chris M. Teagle
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew Koressel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian Valenti,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 26, 2018

Court of Appeals Case No.
18A-CR-1416

Appeal from the Blackford
Superior Court

The Honorable John N. Barry,
Judge

Trial Court Cause No.
05D01-1802-CM-54

**Bailey, Judge.**

# Case Summary

[1] Brian Valenti ("Valenti") appeals his conviction for resisting law enforcement, as a Class A misdemeanor,[1] following a jury trial. He raises one issue for our review which we restate as whether the State presented sufficient evidence to support his conviction.

[2] We affirm.

# Facts and Procedural History

[3] The evidence supporting the judgment is as follows. Shortly after three o'clock in the morning on February 21, 2018, Blackford County Sheriff's Department Deputy Tyler Ingram ("Dep. Ingram") was getting fuel at a service station in Hartford City, Indiana, when he observed a gray Lexus that appeared not to have any headlights on drive through the station's parking lot at a fairly high rate of speed. Ingram entered his marked police car, activated his red and blue lights and siren, and followed the Lexus in order to conduct a traffic stop. The Lexus continued driving for approximately three blocks and then stopped in front of a residence that was later proved to be Valenti's home.

[4] Dep. Ingram exited his vehicle, approached the Lexus, and recognized the driver as Valenti. Dep. Ingram was wearing a body camera that recorded his

---

[1] Ind. Code § 35-44.1-3-1(a)(1).

entire encounter with Valenti.[2]  Dep. Ingram observed that Valenti's eyes were red and glossy and that he seemed "tense" and "agitated."  Tr. at 31.  Dep. Ingram instructed Valenti to place his hands on his steering wheel, and Valenti did so.  Dep. Ingram informed Valenti that he wanted to perform some sobriety tests on Valenti.  Because it was dark and raining, Dep. Ingram requested that Valenti accompany him to the police station to do the sobriety tests, but Valenti refused that request.  Dep. Ingram ordered Valenti out of his vehicle and Valenti complied.

[5]  Dep. Ingram conducted the horizontal gaze nystagmus test on Valenti, and Valenti failed that test.  During the testing, Valenti was "vocally displeased" with the situation and was using profanity and "making demands" in a tone of voice that was "louder than necessary."  *Id.* at 34.  After the first test, Valenti refused Dep. Ingram's request to conduct additional sobriety tests; instead, Valenti "[d]emanded a blood draw, to go to the hospital, a breathalyzer test, and a supervisor."  *Id.* at 35.

[6]  After Hartford City Police Department officer Lucas Phillips ("Officer Phillips") and one other police officer arrived at the scene to assist, Dep. Ingram gave Valenti "several commands" to put his hands behind his back so that the police could handcuff him.  *Id.* at 57.  Valenti did not comply with

---

[2] Although the video recording from the body camera is in evidence and in the record as State's Exhibit 1, it only recorded Valenti from the neck up.  And, because it was dark and raining, the recording's visibility is poor.

those commands; rather, he continued to be "verbally aggressive." *Id.* at 36. Therefore, Dep. Ingram restrained Valenti's right arm and Officer Phillips restrained Valenti's left arm in order to put Valenti's hands behind his back. When Dep. Ingram put his hands on Valenti, he felt Valenti's body tense and felt Valenti "pulling away from [him] as if to escape [his] grasp." *Id.* at 45. Officer Phillips also felt Valenti tense when he grabbed his left arm. Valenti was "actively struggling,"[3] and Officer Phillips had to "forcibly put [Valenti's left hand] behind his back in an effort to apply handcuffs." *Id.* at 57. When the officers were unable to apply handcuffs while Valenti was standing, they lowered Valenti to the ground and, with "additional effort," *Id.* at 58, and "struggle," *Id.* at 45, placed Valenti in handcuffs.

[7] On February 22, 2018, the State charged Valenti with resisting law enforcement, as a Class A misdemeanor; disorderly conduct, as a Class B misdemeanor;[4] and operating a vehicle while intoxicated, as a Class C misdemeanor.[5] Valenti's jury trial took place on May 16. Dep. Ingram and Officer Phillips testified at the trial, as did Valenti's neighbor, Gary Glancy ("Glancy"), who witnessed the events surrounding Valenti's arrest on February 21. The jury found Valenti guilty of resisting law enforcement as charged and

---

[3] The audio recording from the body camera reflects the sounds of struggle at that point, but the video does not provide a clear view of Valenti and the officers. State's Ex. 1.

[4] I.C. § 35-45-1-3(a)(1).

[5] I.C. § 9-30-5-2(a).

not guilty of the other charges against him. On June 14, the trial court entered its judgment of conviction and imposed a three hundred sixty-five day sentence with four days of credit time. This appeal ensued.

# Discussion and Decision

[8]     Valenti contends that the evidence is insufficient to support his resisting law enforcement conviction. Our standard of review in a sufficiency of the evidence claim is clear:

> [W]e examine only the probative evidence and reasonable inferences that support the [judgment]. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (citations and quotation marks omitted).

[9]     Valenti argues that there was insufficient evidence that he forcibly resisted law enforcement. Under Indiana Code Section 35-44.1-3-1(a)(1), "[t]he basic offense of resisting law enforcement has five essential elements: that [the defendant] (1) knowingly or intentionally (2) forcibly (3) resisted, obstructed, or interfered with (4) a law enforcement officer, (5) while the officer was lawfully engaged in the execution of the officer's duties." *K.W. v. State*, 984 N.E.2d 610,

612 (Ind. 2013). The State maintains that Valenti resisted law enforcement by struggling against the officers when they attempted to put his hands behind his back and place him in handcuffs. Valenti counters that there is insufficient evidence that he resisted being handcuffed, much less that he "forcibly" resisted, as required under the statute. Appellant's Br. at 12-13.

[10] One forcibly resists when "strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993). "[M]erely walking away from a law-enforcement encounter, leaning away from an officer's grasp, or twisting and turning a little bit against an officer's actions do not establish 'forcible' resistance." *K.W.*, 984 N.E.2d at 612 (quotations and citations omitted). However, as our Supreme Court has pointed out, there is no bright-line test for whether a defendant acts "forcibly"; rather, such determinations must be made on a case-by-case basis, with guidance from our case law. *Walker v. State*, 998 N.E.2d 724, 728 (Ind. 2013). Thus, Indiana courts have held that "showing strength and a threat of violence" is forcible resistance, *Walker*, 998 N.E.2d at 727-28; that "aggressively pulling away" from an officer trying to arrest is forcible resistance, *Glenn v. State*, 999 N.E.2d 859, 862 (Ind. Ct. App. 2013); that "starting to pull away" from an officer and keeping one's arms underneath oneself to prevent handcuffing are forcible resistance, *Lopez v. State*, 926 N.E.2d 1090, 1093-94 (Ind. Ct. App. 2010), *trans. denied*; and that stiffening one's arms to avoid handcuffing is forcible resistance, *Graham v. State*, 903 N.E.2d 963,

965-66 (Ind. 2009) (citing *Johnson v. State*, 833 N.E.2d 516, 517 (Ind. Ct. App. 2005)).

[11] Here, both Officers Ingram and Phillips testified that, when they attempted to put Valenti's arms behind his back, Valenti tensed his arms, pulled away from them, and "actively struggle[ed]" against them. Tr. at 57. The officers testified that, because of Valenti's struggling, they were unable to handcuff him while he was standing; therefore, they were forced to lower him to the ground. Yet, they testified, even while on the ground, Valenti continued to "struggle" against being handcuffed, requiring them to apply "additional effort" to restrain him. *Id.* at 45, 58. That is sufficient evidence that Valenti forcibly resisted law enforcement. *Graham*, 903 N.E.2d at 965-66; *Glenn*, 999 N.E.2d at 862; *Lopez*, 926 N.E.2d at 1093-94. Valenti's claims to the contrary[6] are merely requests that we reweigh the evidence, which we cannot do. *Lock*, 971 N.E.2d at 74.

[12] The State presented sufficient evidence to support Valenti's conviction for resisting law enforcement.

[13] Affirmed.

Bradford, J., and Brown, J., concur.

---

[6] Valenti points to Glancy's testimony that he did not witness Valenti struggling and that he believed the officers' actions were aggressive because he did not hear them ask Valenti to "put his hands up" or "turn around" before they forced him to the ground. Tr. at 71. However, clearly the trial court found the officers' contradictory testimony more credible, and we will not second-guess the trial court's credibility determinations on appeal. *Lock*, 971 N.E.2d at 74.