## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2018, 11:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| David G. Pike, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 30, 2018 <br><br> Court of Appeals Case No. 18A-CR-205 <br><br> Appeal from the Shelby Superior Court <br><br> The Honorable R. Kent Apsley, Judge <br><br> Trial Court Cause No. 73D01-1607-F6-267 |

**Pyle, Judge.**

# Statement of the Case

Davis G. Pike ("Pike") appeals his conviction following a bench trial of Level 6 felony operating a vehicle with a schedule I or II controlled substance in the body causing serious bodily injury.[1]  He argues that there is insufficient evidence to support his conviction.  Concluding that the evidence is sufficient, we affirm Pike's conviction.

We affirm.

# Issue

Whether there is sufficient evidence to support Pike's conviction for Level 6 felony operating a vehicle with a schedule I or II controlled substance in the body causing serious bodily injury. [2]

# Facts

The facts most favorable to the verdict reveal that in May 2015, Pike was driving a vehicle with his nine-months-pregnant girlfriend, Samara Bedell ("Bedell"), as a passenger in the back seat.  Pike turned left into oncoming traffic while his ability to see the oncoming traffic was obscured by a truck, and his vehicle was struck by an oncoming van.  A seriously injured Bedell was

---

[1] IND. CODE § 9-30-5-4.

[2] Pike also argues that there is insufficient evidence to support his conviction of Level 6 felony operating a vehicle while intoxicated.  However, the sentencing order provides that the trial court "enter[ed] no judgment as to Count I, Operating a Vehicle While Intoxicated Causing Serious Bodily Injury, a Level 6 Felony, a factually included offense under Count II."  (App. Vol. 2 at 35).  Because Pike was not convicted of operating a vehicle while intoxicated, there is no such conviction to appeal.

lifelined to a severe trauma facility where she was diagnosed with a ruptured uterus, and her baby died. At the time of the crash, Pike had THC active metabolites in his blood.

[4] The trial court convicted Pike of Level 6 felony operating a vehicle with a schedule I or II controlled substance in his body causing serious bodily injury. Pike now appeals.

# Decision

[5] Pike argues that there is insufficient evidence to support his conviction for Level 6 felony operating a vehicle with a schedule I or II controlled substance causing serious bodily injury. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[6] In order to convict Pike of Level 6 felony operating a vehicle with a schedule I or II controlled substance in his body causing serious bodily injury, the State had the burden to prove beyond a reasonable doubt that Pike caused serious bodily injury to Bedell while operating a vehicle with a schedule I or II controlled substance or metabolite in his body. *See* I.C. § 9-30-5-4. Pike's sole

argument is that "his driving was not the substantial cause of [Bedell's] injury." (Pike's Br. 11).

[7] Pike has waived appellate review of this argument because his brief, conclusory argument is supported neither by citation to authority nor cogent argument. *See Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), *trans. denied*.

[8] Waiver notwithstanding, the Indiana Supreme Court has explained that "the State must prove the defendant's conduct was a proximate cause of the victim's injury or death." *Abney v. State*, 766 N.E.2d 1175, 1178 (Ind. 2002). In other words, the State must prove that the victim's injury was a foreseeable result of the defendant's conduct. *Hopson v. State*, 95 N.E.3d 531, 533 (Ind. Ct. App. 2018).

[9] Here, it is foreseeable that a passenger will suffer serious bodily injury where the driver (1) makes a left turn in front of oncoming traffic when his view is obstructed, and (2) has active THC metabolites in his blood. This evidence is sufficient to support Pike's conviction for Level 6 felony operating a vehicle with a schedule I or II controlled substance in his body causing serious bodily injury.

[10]    Affirmed.

Vaidik, C.J., and Barnes, Sr.J., concur.