Robert DOST, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 32A01–0310–CR–423.

Court of Appeals of Indiana.

July 27, 2004.

Rehearing Denied Oct. 14, 2004.

Andrew J. Baldwin, Franklin, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ryan D. Johanningsmeier, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Robert Dost brings this interlocutory appeal to challenge the trial court's denial of his motion to suppress evidence.

We affirm.

### ISSUES

Dost presents six issues, one of which is rendered moot by our decision, and the others of which we consolidate into one issue and restate as: whether the trial court erred by denying Dost's motion to suppress evidence obtained by a search warrant which did not contain the address of the residence to be searched but did contain an imprecise description of the residence.[1]

### FACTS AND PROCEDURAL HISTORY

In early 2003, Dost was charged with seven counts of sexual misconduct with a minor, two counts of contributing to the delinquency of a minor, and one count each of neglect of a dependent, possession of less than thirty grams of marijuana, and battery with bodily injury. On July 21, 2003, counsel for Dost filed a motion to suppress evidence. The court held a hearing on Dost's motion on July 31, 2003 and entered its order denying the motion on September 8, 2003. Dost then requested the trial court to certify its denial for interlocutory appeal, which the court did, and this appeal ensued.

### DISCUSSION AND DECISION

■ The standard for our review of a trial court's denial of a motion to suppress evidence is similar to that of other sufficiency issues. *Divello v. State*, 782 N.E.2d 433, 436 (Ind.Ct.App.2003), *trans. denied*, 792 N.E.2d 43. We ascertain whether the trial court's denial of the motion was supported by substantial evidence of probative value. *Id.* In doing so, we will not reweigh the evidence, and any conflicting evidence is considered in a light most favorable to the decision of the trial court. *Id.* This review is different, however, from other sufficiency matters in that we must also consider uncontested evidence that is favorable to the defendant. *Id.*

### A. Particularity of Warrant

Dost contends that the trial court erred by denying his motion to suppress the evidence obtained during the search of his residence. Particularly, he argues that the search warrant is invalid and unconstitutional because it does not contain the address of his residence or directions thereto, and, in addition, it contains an imprecise description of the residence. Dost further claims that although the probable cause affidavit does contain the address of his residence, this fact cannot serve to cure the deficiency of the warrant.

■ The Fourth Amendment to our federal constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.[2]

---

1. Dost's sixth issue concerns the suppression of incriminating statements he made following the search of his home. Dost asserts that because the search warrant was invalid, all evidence seized pursuant to the warrant, including his later statements, are fruit of the poisonous tree and should be suppressed. However, as we have determined in this opinion, the search warrant was valid. Thus, the issue regarding suppression of the evidence gained as a result of the search, including statements Dost made to the police, is moot.

2. Although Dost references Article I, Section 11 of the Indiana Constitution in his brief, he fails to present a state constitutional analysis separate from that of the federal constitution. Consequently, he has waived his claim based upon the Indiana Constitution. *See O'Connor v. State*, 789 N.E.2d 504, 511 (Ind.Ct.App. 2003), *trans. denied*, 804 N.E.2d 746.

The search warrant in the present case authorized the sheriff's department to search the property described as: "One story framed house, brown stone on the bottom of the house with white siding[,] an unattached garage on the north side, an American flag mailbox by the roadway . . ." Appellant's Appendix at 72. In addition, the probable cause affidavit identified the residence as located at "6563 Reed Road, Pittsboro, Indiana." Appellant's Appendix at 73. The search arose because one of the victims went to the police station and informed police about Dost's sexual misconduct with her, as well as the presence of illegal drugs at the residence. Detective Judy called Officer Williams, gave Officer Williams the address of the Dost residence, and asked him to drive by and obtain a physical description of the residence. Officer Williams provided the physical description of the Dost residence to Detective Judy who then prepared the search warrant and faxed both the warrant and the probable cause affidavit to the judge. Detective Judy testified that he planned to re-type the search warrant when he noticed that it did not contain an address for the residence. However, he did not do so because he conferred with the judge who said the fact that the address was in the probable cause affidavit was sufficient. Once the documents were signed by the judge, Detective Judy followed Officer Williams to the residence to execute the warrant. Dost was the person who answered the door when Detective Judy served the warrant.

In *U.S. v. Bonner*, 808 F.2d 864 (1st Cir.1986), *cert. denied*, 481 U.S. 1006, 107 S.Ct. 1632, 95 L.Ed.2d 205 (1987), the defendants were appealing the denial of their motions to suppress evidence. The Bonner residence had been under surveillance, and a search warrant was applied for. The affidavit in support of the warrant outlined the investigation and contained a physical description of the premises, as well as the address. The same description of the premises that was contained in the affidavit was attached to the search warrant; however, the address was not included in the warrant. Shortly after the search warrant was issued, the magistrate discovered the omission of the address in the warrant. He ordered the search suspended and issued a second warrant which included the address. The search was then resumed. The appellants contended that any evidence found during the initial search should have been suppressed because it was seized in reliance on a defective search warrant. The court held that the search warrant was valid.

In upholding the validity of the warrant in *Bonner*, the court stated the test under the Fourth Amendment for determining the adequacy of the description of the location to be searched: "whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premise might be mistakenly searched." *Bonner*, 808 F.2d at 866. The case agent executing the warrant had conducted surveillance of the Bonner residence on at least ten prior occasions. Therefore, the agents knew exactly which house they wanted to search, and there was no risk that they were going to stumble into the wrong house or take advantage of the situation and begin searching houses indiscriminately. Thus, the court determined that the omission of the address from the warrant was a minor, technical error that did not invalidate the warrant.

■ Turning to the present case, we note that the search warrant was issued without an address and with a less than exact description of the residence. The probable cause affidavit, however, con-

tained the address of the residence, and, when Detective Judy went to serve the warrant, he followed Officer Williams because Officer Williams had been to the residence and knew its precise location. Similar to the situation in *Bonner*, there was no risk here that the officers were going to be confused and enter the wrong house or undertake indiscriminate searches of other homes. Rather, Officer Williams led the other officers to the exact residence matching the address that was provided by one of the victims and was contained in the affidavit. This was the same residence that Officer Williams had previously driven by in order to provide a physical description for the warrant. Thus, the officers executing the warrant knew precisely which residence was intended to be searched, and the residence intended to be searched was, in fact, that which was actually searched.

Dost makes much of the fact that the description of the residence contained in the warrant was imprecise. During his examination by the State at the suppression hearing, Officer Williams testified as to his description of the Dost residence. He drove by the house after 8 p.m. when it was extremely dark and the ground was snow-covered. In obtaining the description, he was attempting to not attract the attention of the occupants of the residence, so he drove by the house with his headlights off. Thus, his description of a one-story framed house with brown stone on the bottom, white siding, an unattached garage on the north side of the house and an American flag mailbox was inexact only in that the brown stone was on the full front of the house, not just the bottom half, and the siding of the house was grey,

not white. In addition, Officer Williams testified at the suppression hearing that he was able to see the mailbox labeled with the number 6563, an American flag, and the letters D–O–S–T on the side. Further, he ran a check of a license plate that was on a vehicle located in the driveway of the residence, which revealed that the vehicle was registered to Dost. Furthermore, it was Dost who opened the door of the residence when the officers served the warrant.

The inexact description of the residence included in the warrant does not invalidate the warrant because Officer Williams, who provided the description, knew the exact location of the residence and led the officers to the residence to serve the search warrant. In addition, the exact address of the residence was contained in the affidavit, and the affiant, Detective Judy, participated in the execution of the search warrant by, among other things, serving the warrant on Dost. *See e.g., United States v. Gitcho*, 601 F.2d 369 (8th Cir.1979), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (finding warrant sufficient although only description of location to be searched was incorrect street address, it was unlikely wrong premises would be searched because incorrect address did not exist and agents executing warrant personally knew location to be searched); *see also, State v. Dye*, 250 Kan. 287, 826 P.2d 500 (1992)[3] (holding that search warrant, which was lacking sufficient description of premises and did not have affidavit attached, was not fatally defective when read together with affidavit and when one of officers executing warrant was affiant).

---

3. Dye filed in the federal District Court a petition for habeas corpus on purely procedural grounds. The district court granted Dye's petition; however, on appeal that decision was reversed by the Tenth Circuit Court of Appeals. The decision by the Kansas Supreme Court regarding the validity of the search warrant, cited in our opinion above, is unaffected by these decisions.

We additionally note a related matter concerning Dost's assertion that although the probable cause affidavit contained the correct address, it was not served with the search warrant at the time of the search. However, after reviewing the documents on appeal, we cannot discern for certain whether or not the affidavit was served upon Dost with the search warrant at the time of the search. Nevertheless, we can decide this case without making a determination as to this particular matter. *See* *Gitcho* and *Dye, supra.*

■ Under the circumstances facing us here, we agree with the Kansas supreme court that when determining a warrant's compliance with the particularity requirement of the Fourth Amendment, "[t]he test is for 'practical accuracy,' and common sense should prevail over hypertechnicality." *Dye,* 826 P.2d at 506. Thus, we determine that the omission of the address from the search warrant was a minor, procedural oversight that did not invalidate the warrant to search Dost's residence.

### B. Good Faith Exception

■ Even assuming, *arguendo,* that the warrant to search Dost's home failed to pass constitutional muster, the evidence was properly admitted by virtue of the good-faith exception of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), *on remand,* 746 F.2d 1488 (9th Cir.). In *Leon,* the Supreme Court held that evidence seized by police officers acting with objective good faith in reliance on an invalid search warrant issued by a neutral and detached magistrate need not be suppressed. Thus, this rule permits the introduction of evidence obtained in the "reasonable good-faith belief" that a search and seizure was in accord with the Fourth Amendment. *Id.,* 468 U.S. at 909, 104 S.Ct. at 3413. Moreover, the exclusionary rule, to which the good faith rule is an exception, "is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *Id.,* 468 U.S. at 916, 104 S.Ct. at 3417.

In the instant case, the officers took reasonable steps to ensure that the search was legal. Detective Judy called Officer Williams to drive by the address of the Dost residence in order to obtain a physical description of the residence. The description was inserted into the warrant and presented to a neutral, detached magistrate who concluded there was probable cause and signed the warrant. In the meantime, Detective Judy became aware that although the address of the residence had been included in the probable cause affidavit, it had been inadvertently omitted from the search warrant. This fact was brought to the attention of the issuing judge who replied that the search warrant was sufficient without the address because the address was included in the probable cause affidavit. At this point, Detective Judy and the other officers reasonably held an objective, good faith belief that the Fourth Amendment's requirements were satisfied. As the *Bonner* court concluded, "[t]he responsibility for the inadvertent omission of the address on the warrant itself, must be borne by the magistrate, as the final reviewing authority." 808 F.2d at 867. This is especially true in this case where the officers brought the omission to the attention of the issuing judge, and he instructed them that the warrant was sufficient. Furthermore, this outcome comports with the exclusionary rule's purpose of deterring police misconduct while not punishing the mistakes of judges and magistrates.

### CONCLUSION

Based upon the foregoing authorities and analysis, we conclude that the search

warrant issued for the purpose of searching Dost's residence is valid and fulfills the requirements of the Fourth Amendment.

Affirmed.

RILEY, J., and BAKER, J., concur.