Donnie SALYER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 75A05–1003–CR–164.

Court of Appeals of Indiana.

Nov. 29, 2010.

David P. Matsey, Millbranth & Bush, Valparaiso, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Our court has granted the permissive interlocutory appeal filed by Donnie Salyer ("Salyer") challenging the Starke Circuit Court's denial of his motion to suppress evidence obtained during a search of his residence. Salyer argues that the search warrant was invalid because the address and description of his property contained on the warrant were incorrect. Concluding that the incorrect address information did not invalidate the warrant, we affirm.

## Facts and Procedural History

Salyer's minor son told his mother that he had seen Salyer smoking "things that smell funny" during a visit with his father. Appellant's App. p. 8. Salyer's son observed "green stuff" in a can along with plastic bags, and he took one of the plastic bags and showed it to his mother. *Id.* On April 27, 2009, Salyer's son, accompanied by his mother, reported Salyer's activities to the Knox Police Department. The odor of the item in the plastic bag was consistent with burnt marijuana.

Approximately one month later, during another visit with Salyer, his son again observed Salyer smoking something that smelled funny and did not smell like a cigarette. Salyer's son also observed another can containing "green pieces of something inside a bag, along with black pieces." *Id.* at 9. This incident was reported to the Knox Police Department, and after the second incident, Officer Chad Keen ("Officer Keen") of the Knox City Police Department interviewed Salyer's son about Salyer's activities.

Officer Keen then prepared the search warrant and accompanying affidavit. In both documents, the officer described the place to be searched as "a single-story, tan, wooden house, with a white door and shutters, ... [with] a wooden split rail fence in the front of the house." *Id.* at 9–10. The officer listed the address of the house as 521 West Culver Road and stated that it is "situated on the north side of Culver Road." *Id.* The search warrant was executed by Officer Keen on May 26, 2009, and during the search the officer found rolling papers, scales, multiple bags of a leafy green substance believed to be marijuana, marijuana seeds, and other paraphernalia.

On May 29, 2009, Salyer was charged with Class D felony possession of marijuana, Class D felony dealing in marijuana, and Class D felony maintaining a common nuisance. On July 18, 2009, Salyer filed a motion to suppress the evidence obtained during the search of his residence arguing that the search warrant was invalid because it inaccurately described the place to be searched. Specifically, the warrant did not list the correct address for Salyer's residence, which is 513 West Culver Road, and not 521 West Culver Road. Salyer also alleged the description of the residence was inaccurate. *Id.* at 31–32.

The trial court held a hearing on the motion to suppress on October 2, 2009. Officer Keen testified that he believed his description of Salyer's home in the warrant was accurate. Suppression Tr. p. 9. The officer also stated that he proceeded to the residence at 513 West Culver Road because he knew Salyer lived there. Specifically, Officer Keen testified that on a prior date, Salyer's neighbor called the police department to complain that Salyer's dogs kept "going to the bathroom in his yard[.]" *Id.* at 12. The officer proceeded to Salyer's yard, and spoke to Salyer about his neighbor's complaint. During that conversation, Salyer told the officer that he lived at the residence located at 513 West Culver Road. *Id.* Salyer admitted that he recalled this prior conversation with Officer Keen, and that he told the officer that he lived at the residence located at 513 West Culver Road, *Id.* at 18.

Also at the hearing, Salyer described his house as a tri-level that is light green. Entry to the house is at the middle level. The storm door is white, but the front door is a "yellowish kind of color." *Id.* at 16. The house has white shutters and a wooden "post and rail" fence in the front. *Id.* at 16, 19. Photographs of Salyer's home were admitted at the hearing, and on viewing the photographs, the trial court ob-

served that the house "kind of looks green . . . kind of looks tan." Tr. p. 34.

At the hearing, the trial judge indicated that she intended to grant Salyer's motion to suppress. However, on October 15, 2009, the trial court issued a written order denying the motion to suppress. Specifically, noting that the affidavit accompanying the search warrant stated that the residence to be searched was Donnie Salyer's home, the court concluded,

> [t]he legal precedence [sic] that this Court is required to follow is that if a search warrant fails to describe the property to be searched with particularity, this error can be cured by evidence that the warrant was executed by an officer who had applied for the warrant, who personally knew of the property to be searched and the property that was intended to be searched was the property actually searched.

Appellant's App. p. 93.

On October 30, 2009, Salyer filed a motion to correct error, and a hearing was held on his motion on December 22, 2009. The court denied Salyer's motion and specifically found "[t]here was no probability of a mistaken search with Officer Keen executing the warrant." *Id.* at 154. Salyer then requested leave to file an interlocutory appeal, and the trial court granted Salyer's petition on February 15, 2010. Our court accepted jurisdiction of this appeal on April 23, 2010.

### Discussion and Decision

■ Salyer argues that the trial court abused its discretion when it denied his motion to suppress. We review the trial court's denial of a motion to suppress evidence for an abuse of discretion. *Montgomery v. State,* 904 N.E.2d 374, 377 (Ind. Ct.App.2009), *trans. denied.* A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* In con-

ducting our review, we do not reweigh the evidence, and we consider conflicting evidence in a light most favorable to the trial court's ruling. *Webster v. State,* 908 N.E.2d 289, 291 (Ind.Ct.App.2009), *trans. denied.* However, we also consider uncontested evidence favorable to the defendant. *Id.*

■ Generally, a search warrant should not issue unless it particularly describes the place to be searched and things or person to be seized. U.S. Const. amend. IV; Ind. Const. Art. 1, § 11; Ind. Code § 35–33–5–2(a)(1); *Houser v. State,* 678 N.E.2d 95, 100 (Ind.1997). However, "incorrect address information does not necessarily invalidate a warrant." *See Creekmore v. State,* 800 N.E.2d 230, 236 (Ind.Ct.App.2003). "[S]uppression of evidence collected is not required, despite a minor error in the address, if the warrant 'sufficiently described the property to be searched despite the mistake.'" *Id.* (quoting *Houser,* 678 N.E.2d at 101).

In *Houser,* the search warrant listed the place to be searched as Lee's Automotive at 1435 South Hoyt Avenue, but the correct address was 1435 South Kinney Avenue. 678 N.E.2d at 100–01. However, the warrant did direct the officers to search a cement block building bearing the words "Lee's Automotive." *Id.* at 101. Our supreme court concluded that the defect in the warrant did not require reversal of Houser's conviction because "the warrant in this case sufficiently described the property to be searched despite the mistake. By all appearances the error was an innocent one and did not affect the probable cause determination." *Id.* (citations omitted).

Similarly, in *Dost v. State,* 812 N.E.2d 232 (Ind.Ct.App.2004), *trans. denied,* the defendant argued that the search warrant was invalid because it did not contain the address of his residence, and the description of the residence was imprecise. The

search warrant authorized the sheriff's department to search the property described as a " '[o]ne story framed house, brown stone on the bottom of the house with white siding[,] an unattached garage on the north side, an American flag mailbox by the roadway[.]' " *Id.* at 235 (record citation omitted). The probable cause affidavit identified the address of the residence as 6563 Reed Road, Pittsboro, Indiana. *Id.* After considering Dost's argument, our court observed:

> The search arose because one of the victims went to the police station and informed police about Dost's sexual misconduct with her, as well as the presence of illegal drugs at the residence. Detective Judy called Officer Williams, gave Officer Williams the address of the Dost residence, and asked him to drive by and obtain a physical description of the residence. Officer Williams provided the physical description of the Dost residence to Detective Judy who then prepared the search warrant and faxed both the warrant and the probable cause affidavit to the judge. Detective Judy testified that he planned to re-type the search warrant when he noticed that it did not contain an address for the residence. However, he did not do so because he conferred with the judge who said the fact that the address was in the probable cause affidavit was sufficient. Once the documents were signed by the judge, Detective Judy followed Officer Williams to the residence to execute the warrant. Dost was the person who answered the door when Detective Judy served the warrant.

*Id.*

Although the warrant in *Dost* was issued without an address and "a less than exact description of the residence,"[1] our court determined that these errors did not invalidate the warrant because the probable cause affidavit contained the address of the residence and Officer Williams, who assisted in executing the warrant, knew the residence's precise location. *Id.* at 235–36. Our court observed that "there was no risk here that the officers were going to be confused and enter the wrong house or undertake indiscriminate searches of other homes.... [T]he officers executing the warrant knew precisely which residence was intended to be searched[.]" *Id.* at 236. *See also United States v. Johnson,* 26 F.3d 669, 694 (7th Cir.1994) (stating the omission of the residence's unit number "is not fatal for the warrant accurately described the house to be searched and there was no risk the officers executing the warrant would search some other house.").

■ In this case, it is undisputed that the warrant and accompanying affidavit erroneously placed Salyer's residence at 521 West Culver Road, when the correct address is 513 West Culver Road. Moreover, the description of Salyer's residence was inexact. Salyer's residence is a tri-level home, not a single story as described in the affidavit and warrant. However, it is a wooden residence with white shutters, a fence in the front, and a white front door as described in the warrant. Although Salyer testified that the residence is light green, and not tan as described in the warrant, the trial court observed that the house "kind of looks green ... kind of looks tan."[2] Tr. p. 34.

Importantly, at the suppression hearing, both Officer Keen and Salyer testified that

---

1. The description of the Dost residence in the warrant was incorrect in the following respects: 1) the siding of the home was grey, not white, and 2) the brown stone was not only on the bottom half of the house, but on the full front of the residence. *Id.* at 236.

2. The trial court made this observation upon viewing the color photographs of Salyer's

the officer knew that Salyer lived at the residence at 513 West Culver Road. Specifically, Officer Keen testified that on a prior date, Salyer's neighbor called the police department to complain that Salyer's dogs kept "going to the bathroom in his yard[.]" *Id.* at 12. During Officer Keen's subsequent conversation with Salyer, which took place in Salyer's yard, Salyer told the officer that he lived at the residence located at 513 West Culver Road. *Id.* Salyer admitted that he recalled this prior conversation with Officer Keen, and that he told the officer that he lived at the residence located at 513 West Culver Road. *Id.* at 18. Importantly, the affidavit accompanying the warrant referred to the residence to be searched as "Donnie Salyer's home." Appellant's App. p. 9.

Upon realizing the error in the address, Officer Keen should have corrected the error in the warrant and affidavit and obtained a new warrant prior to searching Salyer's residence. Indeed, had Officer Keen not been the executing officer, we might well reach a different result. However, because Officer Keen knew the precise location of Salyer's residence, prepared the search warrant and accompanying affidavit, and executed the search warrant, there was no risk that Officer Keen would enter the wrong residence or undertake indiscriminate searches of other homes. *See Dost,* 812 N.E.2d at 236.

Accordingly, under the unique facts and circumstances before us, we are compelled to conclude that Officer Keen's execution of the search warrant was reasonable and did not violate either the Fourth Amendment or Article I, Section 11 of the Indiana Constitution. The trial court therefore did

not abuse its discretion when it denied Salyer's motion to suppress.

Affirmed.

BAKER, C.J., and NAJAM, J., concur.

home admitted at the suppression hearing. The photographs submitted in the record on appeal are black and white copies.